# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| KAREN BUTLER | CIVIL ACTION |
|---|---|
| VERSUS | NO: 19-10913 |
| WAL-MART, LLC, ET AL | SECTION: "S" (4) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 6) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion to remand filed by plaintiff, Karen Butler, contending that this matter should be remanded to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana because defendants' notice of removal does not properly establish diversity subject matter jurisdiction.

On April 25, 2019, Butler, a Louisiana citizen, filed this action in state court against Walmart Louisiana, LLC and Wal-Mart Stores, Inc. (collectively, "Walmart"), Delaware corporations with their principal places of business in Arkansas. Plaintiff is seeking damages for injuries that she allegedly sustained in a slip and fall at a Wal-Mart in Marrero, Louisiana. Butler alleges that as a result of the accident, she suffered injuries including, but not limited to: degenerative disc disease; mild bilateral facet hypertrophy, lumbar spondylosis, lumbar radiculopathy, sacroiliitis, chronic pain syndrome, acute lumbar strain, and mild diffuse disc bulge. Petition, ¶ 9. While her state court petition did not include a specific monetary demand, it

included a jury demand, id., ¶ 16, indicating an amount in controversy of at least $50,000.00. In addition, the Notice of Removal reflects Butler submitted a settlement demand in the amount of $132,504.57, inclusive of past medical specials of $12,504.57 and future medicals of $120,000.00. Rec. Doc. 2, ¶ 6. Plaintiff's demand letter indicated that plaintiff was still in treatment. Id., ¶ 11.

Plaintiff seeks to remand this matter, arguing that the Notice of Removal does not establish that the $75,000.00 amount in controversy is met, because plaintiff's special damages to date are much less, and the $132,000.00 settlement valuation was speculative and based on projected quantitative analysis and amounts. Walmart contends that considering the injuries itemized, it is facially apparent that over $75,000.00 is in controversy in this matter.

## APPLICABLE LAW

**Remand Standard**

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal

jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**Diversity Subject Matter Jurisdiction**

Pursuant to 28 U.S.C. § 1446(a), to remove a case from state to a federal court, a defendant must file in a notice of removal in federal court "containing a short and plain statement of the grounds for removal." If removal is based on diversity subject matter jurisdiction, the amount in controversy requirement must be met. 28 U.S.C. § 1332(a).

"A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary judgment-type evidence." Robertson v. Exxon Mobil Corp., 814 F.3d 236, 240 (5th Cir. 2015). The inquiry "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." Id. (quotations omitted). In determining whether the amount in controversy is met, the court can "make common-sense inferences about the amount put at stake by the injuries the plaintiff[ ] claim[s]." Id.

Alternatively, a plaintiff may establish that the amount in controversy is not met by filing a binding stipulation or affidavit with his petition. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). If the plaintiff's state court petition is ambiguous as to the amount in controversy, the court may consider a post-removal stipulation to ascertain whether the jurisdictional minimum was met at the time of removal. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

## DISCUSSION

In the present case, diversity of citizenship is not disputed. With respect to the amount in controversy, in the Notice of Removal, Walmart alleges that it "has met its burden of showing that the amount in controversy is excess of . . . $75,000." Id., ¶ 13. In contrast, plaintiff contends that the removal is premised upon speculative recovery amounts based on other favorable [to plaintiff] cases, that her medicals to date fall well below the required amount, and that Walmart has failed to prove an amount in controversy of over $75,0000.00.

In this case, Butler enumerated numerous injuries which she sustained in the slip and fall at Walmart, including but not limited to degenerative disc disease, mild bilateral facet hypertrophy, lumbar spondylosis, lumbar radiculopathy, sacroilitis, chronic pain syndrome, acute lumbar strain, and mild diffuse disc bulge. As a result, she is seeking general and special damages for past and future pain and suffering, medical expenses, lost wages, future impairment of earning capacity, permanent disability and loss of enjoyment of life. On this record, common sense supports an inference that it is facially apparent that the jurisdictional minimum is met. This inference is buttressed by the plaintiff's settlement demand, which is over $130,000. While plaintiff now maintains that the settlement demand was premised on a favorable valuation, as noted above, the court's inquiry "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." Id. Clearly, plaintiff has placed more than $75,000.00 at stake in this matter. Moreover, plaintiff has failed to file a a post-removal stipulation acknowledging that the amount in controversy does not exceed $75,000. Thus, defendant has met its burden of showing that the amount in controversy is in excess of $75,000.00, and this court has diversity subject

matter jurisdiction over this matter. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Motion to Remand** (Rec. Doc. 6) is **DENIED**.

New Orleans, Louisiana, this __10th__ day of July, 2019.

*Mary Ann Vial Lemmon*
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**